# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA M.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAZAKI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 5:23-cv-00119-MAA <br><br> **MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

## I.     INTRODUCTION

On January 24, 2023, Plaintiff Melissa M. ("Plaintiff") filed a Complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner" or "Defendant") final decision denying her application for supplemental security income under Title XVI of the Social Security Act.  (ECF No. 1.)  Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of a United States Magistrate Judge.  (ECF Nos. 8, 9.)  On March 27, 2023, Defendant filed an

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Answer, which was limited to the filing of the Certified Administrative Record ("AR"). (ECF No. 11.) On April 26, 2023, Plaintiff filed an Opening Brief. (ECF No. 12.) On July 10, 2023, Defendant filed a brief titled "Motion for Summary Judgment and Memorandum in Support of Defendant's Answer." (ECF No. 17.) This matter is fully briefed and ready for decision.

The Court deems the matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons discussed below, the Court reverses the decision of the Commissioner and remands the matter for further administrative proceedings.

## II.   SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On March 6, 2018, Plaintiff filed an application for supplemental security income, alleging disability beginning January 18, 2018. (AR 324–29.) Plaintiff alleged that she was disabled due to neck and back problems, diabetes II, heart problems, left arm problems, asthma, and arthritis. (AR 120.) The Commissioner denied the application on April 26, 2018 (AR 170–73), and again upon reconsideration on August 21, 2018 (AR 177–79). On August 28, 2018, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 180–82.) After a May 27, 2020 telephonic hearing (AR 53–82), ALJ John Cusker issued a decision on October 2, 2020, finding that Plaintiff is not disabled (AR 148–63).

On October 22, 2020, Plaintiff filed a request for review (AR 265–66), which the Appeals Council granted on January 21, 2021 (AR 164–67). On June 9, 2021, a telephonic hearing on remand was held before ALJ Kelly Walls. (AR 53–82.) Plaintiff—who was not represented by counsel—and a vocational expert testified. (*Id.*)

In a decision dated September 1, 2021, ALJ Walls denied Plaintiff's application after making the following findings under the Commissioner's five-step evaluation. (AR 12–35.) At step one, the ALJ found that Plaintiff has not engaged

in substantial gainful activity since January 18, 2018.  (AR 18, ¶ 1.)  At step two, the ALJ found that Plaintiff has the following severe impairments: cervical spine and lumbar spine degenerative disc disease, chronic obstructive pulmonary disease, coronary artery disease with stenting procedure, and degenerative joint disease of the right elbow and shoulder.  (*Id.* ¶ 2.)  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the agency's listed impairments.  (AR 19, ¶ 3.)  Next, the ALJ found that Plaintiff has the following Residual Functional Capacity ("RFC"):

> [Plaintiff] has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 416.967(b) except she can only occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; occasionally balance, stoop, kneel, crouch and crawl; avoid concentrated exposure to pulmonary irritants, including chemicals, odors, dusts, fumes, and gases; avoid concentrated exposure to hazards, including dangerous moving machinery and unprotected heights.

(AR 21, ¶ 4.)  At step four, the ALJ found that Plaintiff has no past relevant work.  (AR 24, ¶ 5.)  The ALJ classified Plaintiff as a younger individual on the alleged onset date who subsequently changed age category to closely approaching advanced age.  (*Id.* ¶ 6.)  The ALJ categorized Plaintiff as possessing a limited education.  (*Id.* ¶ 7.)  The ALJ concluded that "[t]ransferability of job skill is not an issue because the [Plaintiff] does not have past relevant work."  (*Id.* ¶ 8.)  At step five, the ALJ noted that the vocational expert testified that an individual of Plaintiff's age, education, work experience, and residual functional capacity could perform light and unskilled occupations such as: cashier II (DOT 211.462-010), with 560,000 jobs; router (DOT 222.587-038), with 35,000 jobs; and marker (DOT 209.587-034), with 129,000 jobs.  (AR 25, ¶ 9.)  The ALJ concluded that, "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can

perform[.]" (AR 24, ¶ 9.) Accordingly, the ALJ concluded that Plaintiff was not disabled, as defined by the Social Security Act, from January 18, 2018. (AR 25, ¶ 10.)

On August 29, 2022, the Appeals Council denied Plaintiff's request for review. (AR 1–5.) Plaintiff now seeks judicial review of ALJ Walls's September 1, 2021 decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g).

### III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's "decision to deny benefits . . . 'is not supported by substantial evidence or is based on legal error.'" *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1098 (9th Cir. 2014) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (quoting *Robbins v. SSA*, 466 F.3d 880, 882 (9th Cir. 2006)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court "must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter*, 504 F.3d at 1035). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). "If the evidence can support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

## IV. DISCUSSION

### A. Disputed Issue

The single disputed issue is whether the ALJ articulated clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's pain and limitation testimony. (ECF No. 12, at 4.)[2] Plaintiff argues that the ALJ did not provide sufficient articulated rationale for rejecting her subjective symptom testimony. (*See generally id*.) Defendant asserts that substantial evidence supports the ALJ's analysis of Plaintiff's subjective statements. (*See generally* ECF No. 17.)

### B. Applicable Law

An ALJ must make two findings in assessing a claimant's pain or symptom testimony. *Treichler*, 775 F.3d at 1102; Social Security Ruling 16-3p, 2016 SSR LEXIS 4, at *3–4 (Mar. 16, 2016). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler*, 775 F.3d at 1102 (quoting *Lingenfelter*, 504 F.3d at 1036). "Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Id*. (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). "And such reasons must be supported by substantial evidence from the administrative record." *Marsh v. Colvin*, 792 F.3d 1170, 1174 n.2 (9th Cir. 2015).

"A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a

---

[2] Except for citations to the Administrative Record, pinpoint citations to docketed documents refer to the page numbers in the CM/ECF-generated headers.

claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991) (en banc)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988)).

### C. Plaintiff's Statements

During the hearing, Plaintiff testified about her problems and limitations as follows:

She is unable to work because she has difficulty lifting, carrying, walking, and sitting. (AR 43.) This difficulty is caused by "neck and low back degenerating discs"—one is a herniated disc and one is a bulging disc. (*Id.*) In response to the question of what this feels like, Plaintiff stated "[t]ingling and sometimes numbness and then [her] sciatic is in distress." (*Id.*) In response to the question of whether she has any difficulty driving, she responded "[n]o, I just don't drive very much . . . [b]ecause if I am out too long on my feet and all that stuff it starts hurting my back." (AR 42.)

Her diabetes medications have changed, and her medications will change again once she gets blood work back. (AR 44.) She has a stent in her right arm from having a heart attack and has medication for that too. (*Id.*) She had some pain with the cardiac issues, but the doctor took her off a couple of medications that they had her on too long. (AR 45.) She sometimes gets sleepy from her medication. (AR 44.)

In a typical day, she gets up and has to move around to get her body going. (AR 46.) She makes coffee and breakfast and does whatever activities she needs to do for the day like shopping or going to the doctor. (AR 46–47.) She does not have difficulty getting dressed or taking a shower; that difficulty was just related to the heart attack, because afterwards she was not standing on her feet enough. (AR 47.)

She has difficulty performing chores around the apartment because she cannot lift and carry too long; she has to sit down. (AR 47.) She cannot "go 20 minutes or 25/30 minutes" and then has to sit down because her lower back starts screaming at her like somebody kicked her. (*Id*.) The muscles in her legs "start jumping." (*Id*.) She does not have to use a cane or anything else to help her walk, if she can sit and relax a minute, lean against a basket, or get an electric cart that drives around. (AR 45.) If an electric cart is not available, she can walk up and down the aisles of a store by leaning on the cart. (AR 48.) The heaviest item she can lift by herself at the grocery store is a twelve-pack of sodas, but someone will help her with it at home. (*Id*.)

She is not involved in any outside activities, like church or social groups. (AR 48.) She does not have any hobbies or do anything for fun. (*Id*.) She spends most of her day watching the gulls or the quails run and the birds fly, and sitting at the smoking table and talking to some of her neighbors. (*Id*.)

### D. Analysis

At the first step of the two-step evaluation, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[.]" (AR 22.) At the second step, however, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id*.) Defendant identifies three reasons that the ALJ rejected Plaintiff's symptom testimony: (1) effective treatment; (2) inconsistency with daily activities; and (3) lack of corroboration with objective medical evidence. (*See generally* ECF No. 17.) As discussed below, the Court concludes that these reasons are not legally sufficient to discount Plaintiff's subjective symptom testimony.

///

### 1. Effective Treatment

Defendant argues that "[t]he ALJ . . . compared Plaintiff's allegations to other evidence, including the nature and effectiveness of Plaintiff's treatment." (ECF No. 17, at 7 (citations omitted).) Specifically, the ALJ found that " [i]n July 2018, [Plaintiff] reported benefiting from Oxycodone without any side effects. She also reported a 50% improvement in her neck and upper extremity symptoms following bilateral transforaminal injections at C6-C7, and she reported a 65% improvement in back pain following bilateral L4-L5 injections in December 2018." (AR 23.) Plaintiff counters that "the ALJ merely included these notations along with the summary of all medical evidence, without any reasoning or analysis." (ECF No. 12, at 11.)

The Court may review only those reasons that the ALJ specifically cited as grounds to reject Plaintiff's subjective symptom testimony. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts."); *Garrison*, 759 F.3d at 1010 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." It is well-settled that a reviewing court may not construe an ALJ's general findings from the medical record as reasons to reject a claimant's subjective symptom testimony if the ALJ does not explicitly tie such findings to the testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1139 (9th Cir. 2014) ("Although the ALJ made findings . . . concerning Claimant's treatment for headaches, he never stated that he rested his adverse credibility determination on those findings."). Here, the ALJ included Plaintiff's treatment within a summary of medical evidence, but "never stated that [s]he rested [her] adverse credibility determination on those findings." *Id*. This was not a clear and convincing reason to reject Plaintiff's subjective symptom testimony.

///

///

2. <u>Activities of Daily Living</u>

Defendant argues that "the ALJ properly considered Plaintiff's daily activities." (ECF No. 17, at 7.) Specifically, the ALJ stated that Plaintiff's "reported activities including shopping, driving and independence in self-care and cooking, are more consistent with a range of light exertion than with any debilitating condition(s)." (AR 22.) Plaintiff contends that the ALJ's reliance on her reported activities is neither clear nor convincing and lacks the support of substantial evidence. (ECF No. 12, at 10.)

"Inconsistencies between a claimant's testimony and the claimant's reported activities provide a valid reason for an adverse credibility determination." *Burrell*, 775 F.3d at 1137–38. Here, however, "the ALJ did not elaborate on *which* daily activities conflicted with *which* part of [Plaintiff's] testimony." *Id*. at 1138. An ALJ may reject a claimant's testimony about the severity of their symptoms only by providing specific, clear, and convincing reasons for doing so, which "requires the ALJ to 'specifically identify the testimony [from a claimant] she or he finds not to be credible and . . . explain what evidence undermines that testimony.'" *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (alterations in original) (quoting *Treichler*, 775 F.3d at 1102); *Brown-Hunter*, 806 F.3d at 494 (finding legal error where the ALJ failed to identify the testimony she found not credible and did not link that testimony to the particular parts of the record supporting her non-credibility determination); *Treichler*, 775 F.3d at 1103 ("The ALJ must identify the testimony that was not credible, and specify 'what evidence undermines the claimant's complaints.'" (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988))).

Moreover, the daily activities the ALJ identified arguably were not inconsistent with Plaintiff's testimony about her limitations. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking

9

for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Only if the level of activity were inconsistent with the Claimant's claimed limitations would these activities have any bearing on Claimant's credibility.").

This was not a clear and convincing reason to reject Plaintiff's subjective symptom testimony.

### 3. Objective Medical Evidence

Defendant argues that "[i]n concluding that Plaintiff could sustain light work with significant postural and environmental limitations, the ALJ properly found that Plaintiff' alleged symptoms were not entirely consistent with the medical and other evidence." (ECF No. 17, at 4.) Specifically, the ALJ found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. The undersigned notes there is insufficient support for any restrictions or limitations in excess of those outlined in the RFC." (AR 22.)

An ALJ may consider whether a claimant's subjective symptoms are supported by objective medical evidence, and an ALJ may reject a claimant's subjective testimony if it is inconsistent with the objective medical evidence. *See Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Although an ALJ may consider lack of medical evidence when analyzing Plaintiff's subjective allegations, "lack of medical evidence cannot form the sole basis for discounting pain testimony." *Burch*, 400 F.3d at 681.

Even assuming the record supports the ALJ's reasoning regarding the lack of support from objective medical evidence, the other reasons the ALJ identified to

discount Plaintiff's subjective symptom testimony are insufficient. Standing alone, lack of objective medical evidence is a legally insufficient reason to support the assignment of little weight to a claimant's subjective symptom allegations. *See Robbins*, 466 F.3d at 883 (holding that where ALJ's other reason to reject the claimant's testimony was legally insufficient, the sole remaining reason premised on the absence of objective medical support could not justify an adverse credibility determination); *see also Bunnell*, 947 F.2d at 345 ("[A]n adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.").

In sum, the ALJ's decision does not provide specific, clear, and convincing reasons for rejecting Plaintiff's subjective symptom allegations.

### E. Remand for Further Proceedings

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. *See McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011). Specifically, remand is warranted here for reconsideration of Plaintiff's symptom statements because the ALJ's failure to provide any clear explanation for discounting such statements in the decision prevents this Court from meaningfully determining whether the decision is supported by substantial evidence. *See Treichler*, 775 F.3d at 1103 ("Because 'the agency's path' cannot 'reasonably be discerned,' we must reverse the district

court's decision to the extent it affirmed the ALJ's credibility determination."
(citation omitted)).

## V.   ORDER

The Court **ORDERS** that judgment be entered reversing the decision of the Commissioner and remanding this mater for further administrative proceedings.

**IT IS SO ORDERED.**

DATED: August 21, 2023

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE